IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM WALLACE, : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | |
| : | No. 13-cv-3867 |
| STATE FARM MUTUAL : | |
| AUTOMOBILE INSURANCE : | |
| COMPANY, et. al., : | |
| : | |
| **Defendants.** : | |

### MEMORANDUM

**STENGEL, J.**                                                                                  **December 19, 2013**

William. Wallace, plaintiff, brings this lawsuit to recover damages for injuries sustained from a June 8, 2008 automobile accident.  Mr. Wallace has sued State Farm Mutual Automobile Insurance Company (Mr. Wallace's insurer), Marjorie Cloman (the driver who hit Mr. Wallace), Britt, Hankins, & Moughan (State Farm's counsel in a previous lawsuit), Joseph Hankins, Esq. and Lise Luborsky, Esq. (Attorneys at Britt, Hankins &Moughan), Leonard Brody, M.D. (State Farm's Medical expert from prior litigation) Suburban Orthopedic Specialists (Dr. Brody's practice), Melanie Duncan, Craig Clifford and Robert Mundy (State Farm employees).  The complaint alleges that defendants conspired to reduce the claim paid by State Farm to Mr. Wallace as a result of his injuries.  Defendants have removed the case on the basis of federal question jurisdiction.  Plaintiff filed a motion to remand, and defendants have moved to dismiss the complaint.

1

**I      BACKGROUND**

On June 8, 2008, Mr. Wallace was a pedestrian on Woodsview Drive in Bensalem, Pennsylvania when he was struck by a motor vehicle driven by Marjorie Cloman. Am. Compl. ¶ 14. At the time of the accident, State Farm insured Mr. Wallace under a motor vehicle insurance policy which included underinsured and uninsured motorist coverage. Id. ¶ 17. Mr. Wallace submitted a claim for his injuries to State Farm.[1] *see* Id. ¶ 19. State Farm denied coverage, Id. ¶ 19; however, plaintiff alleges that some minimal payment was made. Id. ¶ 28. According to plaintiff, State Farm had a long practice of conspiring with defense attorney's and medical experts to reduce or eliminate the amount paid on claims submitted by their insureds. Id. ¶¶ 5-13, 19-25.

This is plaintiff's fifth lawsuit arising from the June 8, 2008 accident.[2] Mr. Wallace filed the current action *pro se* in Philadelphia Court of Common Pleas. Defendants removed the case on the basis of federal question jurisdiction and filed motions to dismiss shortly thereafter. At defendants' request, I scheduled a hearing in chambers on October 16, 2013 to determine if Mr. Wallace was truly proceeding *pro se*. Attorney Elliott Tollan entered his appearance on behalf of plaintiff on October 15, thereby, resolving the dispute.[3]

---

[1] Although plaintiff has not pleaded that he submitted a claim to State Farm, I have drawn this inference in his favor.

[2] *See* William Wallace v. Marjorie Cloman, No. 100100187 (C.P. Phila. filed January 5, 2010); William Wallace v. State Farm, No. 111101086 (C.P. Phila filed November 15, 2011); William Wallace v. State Farm, No. 120100597 (C.P. Phila. filed January 6, 2012) *removed to*, 2:12-cv-2959-LS (E.D. Pa May 30, 3012); William Wallace v. State Farm and Marjorie Cloman, No. 120100784 (C.P. Phila. filed January 9, 2012)

[3] Mr. Tollan had represented Mr. Wallace in the previous four lawsuits stemming from the June 2008 accident. At the conference with all counsel, Mr. Tollan explained that he did not want to pursue a bad faith claim against the defendants. When Mr. Wallace insisted, Mr. Tollan gave Mr. Wallace a copy of a bad faith complaint that he had in

Defendants' suspicion that Mr. Wallace was receiving assistance from counsel was well founded and is relevant to my consideration of both motions. Defendants directed my attention to the complaint in Fiengold v. Tesone, CIV.A. 12-4695, 2012 WL 3956662 (E.D. Pa. filed Sept. 7, 2012). Tesone complaint was a *pro se* action filed by Allan Fiengold, a disbarred attorney, and alleges an identical conspiracy engaged in by Erie Insurance Company to fraudulently reduce payments to its insureds. Not only does Mr. Wallace plead the same conspiracy, he copied the language from the Tesone complaint verbatim.[4] Furthermore, the plaintiff has attempted to destroy diversity with a tactic once employed by Mr. Fiengold and soundly rejected by our Court of Appeals.

## II.  STANDARD

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A defendant may attack a

---

his files which Mr. Wallace used to draft his *pro se* complaint. Recognizing he was in over his head, Mr. Wallace has enlisted Mr. Tollan's help going forward.

[4] Several pages of the Mr. Wallace's complaint appear to be photocopied from the Tesone complaint. He then whited out the inconsistent and handwrote in the correct party for his suit. However, plaintiff missed one correction. Paragraph 56 of the original complaint alleges, "The fraudulent representations of the defendants set forth above were uttered with full knowledge of their falsity and with the intent that the Whitsons and their counsel rely thereon." The Whitson's were the insureds in Tesone. Mr. Wallace whited out reference to the Witsons in the amended complaint and inserted "plaintiff" in their place.

complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007). The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994) (citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss. Twombly, 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007). The plausibility determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))

When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is

alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[A] district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile." Hill v. Rozum, 447 F. App'x 289, 290 (3d Cir. 2011) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## III. DISCUSSUION

### A. Jurisdiction

Since plaintiff's motion to remand has raised the issue of this court's jurisdiction, I will address plaintiff's motion first. Defendants removed this case pursuant to 28 U.S.C. § 1331 because the complaint included a reference to federal wire and mail fraud statutes in paragraph 66.[5] Upon removal, plaintiff filed an amended complaint which was a photocopy of the original complaint with references to the federal statutes redacted with white out. Plaintiff claims that by removing the reference to the federal statutes this court no longer has jurisdiction to resolve the motions to dismiss.

Removal is proper when a federal law is an essential element of plaintiff's cause of action or the complaint requires the construction of a federal statute. *See* U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002)(citations omitted); Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974) (citations omitted) ("An action arises under the

---

[5] Paragraph 66 alleges: "To realize the aim of their confederation, defendants agreed that they would engage in deceptive conduct which violated various federal laws including 18 U.S.C. Section 1341 and 1343."

5

laws of the United States if and only if … it requires the construction of a federal statute….").  The district court may exercise jurisdiction if the federal question is apparent from the face of the complaint.  U.S. Express Lines Ltd., 281 F.3d at 389.  "A subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction."  Westmoreland Hosp. Ass'n v. Blue Cross of W. Pennsylvania, 605 F.2d 119, 123 (3d Cir. 1979) (citing Hazel Bishop, Inc. v. Perfemme, Inc., 314 F.2d 399 (2d Cir. 1963)).

In determining that removal was proper, I am guided by the Third Circuit's decision in Seawright v. Greenberg.  233 Fed.Appx. 145 (3d Cir. 2007).  Removal in Seawright, another action litigated by Alan Fiengold, was based on an allegation containing the exact same language as paragraph 66 of Mr. Wallace's complaint.  Notice of removal at ¶ 3 Seawright v. Grenberg, No. 05-02751, 2005 WL 2877712 (E.D. Pa. filed June 9, 2005).  After Seawright was removed, Mr. Feigold filed an amended complaint "consist[ing] of an exact copy of the original document, with the direct references to federal law crossed out with a black marker."  Seawright v. Greenberg, 233 F. App'x 145, 148 (3d Cir. 2007).  The Court of Appeals concluded that alleging violations of the federal wire and mail fraud statutes was enough to confer jurisdiction and their redaction in the amended complaint did not destroy jurisdiction.  The facts of Mr. Wallace's complaint and amended complaint are indistinguishable from Seawright; therefore, I will remand this case to the Court of Common Pleas.  This court has jurisdiction to resolve the motions to dismiss.

**B. Motions to Dismiss**

Counts one, two and three are precluded due to a final state court judgment in Mr. Wallace's fourth lawsuit. Under Pennsylvania law, "application of the doctrine of res judicata requires that the two actions possess the following common elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties." Dempsey v. Cessna Aircraft Co., 653 A.2d 679, 681 (Pa.Super. 1995) (citing Matternas v. Stehman, 642 A.2d 1120, 1123 (Pa.Super. 1994); McArdle v. Tronetti, 627 A.2d 1219, 1222 (Pa.Super. 1993), *allocatur denied*, 641 A.2d 587 (Pa. 1984); Banker v. Valley Forge Ins. Co., 585 A.2d 504, 508 (Pa.Super. 1991), *allocatur denied*, 600 A.2d 532 (Pa. 1991)). "Federal courts must 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1429 (3d Cir.1994) (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982))

The four common elements are present between the fourth lawsuit and counts one, two and three of the present lawsuit. Both suits are based on the 2008 accident; the parties have not changed and they are in the same capacity. Finally, there is identity between the causes of action because factual allegations in the two complaints are the same. *See* Dempsey, 653 A.2d at 681. Here, the allegations against Ms. Cloman[6] are

---

[6] No one has entered an appearance for Ms. Cloman, and there is no evidence on the docket that plaintiff has perfected service of process. It is not necessary to address this issue since a negligence claim against Ms. Cloman arising from the January 8, 2008 automobile accident is barred.

copied verbatim from the fourth complaint. Further, the two complaints allege bad faith[7] and breach of contract against State Farm based on the insurer's denial of plaintiff's claim for uninsured and underinsured benefits.[8] The fourth lawsuit has preclusive effect.

On July 11, 2013, plaintiff's counsel signed a praecipe to settle, discontinue and end which was entered on the docket of the fourth lawsuit. In Pennsylvania, a praecipe to settle discontinue and end has the same preclusive effect as a final judgment on the merits. Barson's & Overbrook, Inc. v. Arce Sales Corp., 324 A.2d 467, 468 (1974) (citing Baumgartner v. Whinney, 39 A.2d 738 (1944)). Since counts one, two and three are identical to the fourth complaint, these counts are precluded and should be dismissed with prejudice.

To the extent plaintiff asserts a bad faith claim against the remaining defendants, those claims are dismissed as well. The bad faith statute only affords relief against

---

[7] Bad Faith "is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent." Terletsky v. Prudential Prop. & Cas. Ins. Co., 437 Pa. Super. 108, 125, 649 A.2d 680, 688 (1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)). To be successful, plaintiff must produce clear and convincing evidence showing "that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. Id. (citations omitted).[7] "The insured must ultimately show that 'the insurer breached its duty of good faith through some motive of self-interest or ill will.'" Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (citing, Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (2004)).

[8] The fourth suit alleged: "Defendant State Farm's refusal to pay uninsured and/or underinsured motorist benefits to plaintiff in connection with this accident is unreasonable and unfounded, in bad faith and constitutes a breach of the contractual obligations owed by defendant State Farm to plaintiff." see William Wallace v. State Farm and Marjorie Cloman, No. 120100784 ¶22 (C.P. Phila. filed January 9, 2012). "At the time of the aforesaid collision, plaintiff was insured under policies of motor vehicle insurance which provided for **underinsured and uninsured motorist coverage** in connection with plaintiff's collision." Am. Comp. ¶27 (emphasis added).

The Fifth suit alleges: "Defendant has refused to make any payment to plaintiff Wallace, despite his clear entitlement to benefits under one or more of the **aforesaid coverages**, then minimal payment." Id. ¶ 28 (emphasis added). "At all times material hereto, plaintiff was a party to and/or beneficiary of contracts of motor vehicle insurance with defendant which provided for **underinsured and uninsured motorist** coverage. Id. ¶ 32 (emphasis added). "The aforesaid automobile collision involving plaintiff was covered under the contracts of motor vehicle insurance with defendant and defendant was obligated to pay plaintiff **underinsured and/or uninsured motorist** benefits in connection with said collision." Id. ¶ 33 (emphasis added).

8

insurers.  Brown v. Progressive Ins. Co., 860 A.2d 493, 498 (Pa. Super. Ct. 2004).  Since none of the other defendants insured plaintiff, he cannot bring a statutory bad faith claim against them.  Similarly, any claim for breach of contract against the remaining defendants fail, because plaintiff does not allege that he had a contract with the other defendants.[9]

The remaining counts for negligent misrepresentation, fraud, abuse of process and civil conspiracy are dismissed because they lack any basis in fact.[10]  The Third Circuit has instructed district courts to use common sense and their judicial experience when reviewing a complaint on a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Mr. Wallace copied the remaining counts from the Tesone complaint verbatim.  Common sense tells me that Mr. Wallace has no idea whether there actually was a conspiracy to reduce his insurance claim.  Rather, this appears to be a fishing expedition to find a way to extract more money from his insurer.  Absent additional and unique facts, Mr. Wallace has not "raise[d] a reasonable expectation that discovery will reveal evidence of the [conspiracy]."  Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (citations omitted).  This case should not be allowed to proceed.

---

[9] Under Pennsylvania law, the essential elements of a breach of contract claim are: 1) the existence of a contract, 2) a breach of a duty imposed by the contract and 3) resultant damages.  J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002).

[10] Arguably, the remaining counts are barred by res judicata because they could have been litigated in the prior action.  Robinson Coal Co. v. Goodall, 72 A.3d 685, 689 (Pa. Super. Ct. 2013) (citing Chada v. Chada, 756 A.2d 39, 43 (Pa.Super.2000)).

I will dismiss the complaint with prejudice because granting leave to amend would be inequitable. Plaintiff has been disputing his insurance claim with State Farm for over five years. His efforts should have concluded when he settled the fourth lawsuit in state court. Nonetheless, Mr. Wallace has now sued State Farm a fifth time and brought in additional defendants alleging a far-fetched conspiracy theory authored by a disbarred attorney which has largely been discredited. *See* Feingold v. Graff, No. 12-1090, 2012 WL 2400998, n 1 (E.D. Pa. June 26, 2012) (Noting that Mr. Feingold had been suspended from the practice of law for filing frivolous claims of fraud and civil conspiracy "against former clients, opposing counsel, medical experts, and others who were involved in litigation in which he did not prevail.") *aff'd,* 516 F. App'x 223 (3d Cir. 2013). At some point, litigation must draw to a close. Mr. Wallace's last ditch effort to recover damages from his 2008 accident demonstrates that his case has gone on for too long. Dismissing this case with prejudice, therefore, will serve the ends of justice by bringing finality to these proceedings.

## IV. CONCLUSION

For the foregoing reason, I will deny plaintiff's motion for remand and I will grant defendants' motions to dismiss the amended complaint. The complaint is dismissed with prejudice.

An appropriate order follows.